UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

WERNER MEJIA LIMA,

    Plaintiff,

-against-

MARIE NAPOLI and PAUL NAPOLI

    Defendants.

---

Case No.:

**COMPLAINT**

**Collective Action and Class Action Complaint**

---

Plaintiff WERNER MEJIA LIMA individually and on behalf of other similarly situated employees by and through his attorneys, FISHER TAUBENFELD LLP, alleges against MARIE NAPOLI ("M. Napoli") and PAUL NAPOLI ("P. Napoli") (collectively "Defendants") as follows:

**JURISDICTION AND VENUE**

    1.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

    2.    Venue is proper in this District because Defendants reside in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3. Upon information and belief, M. Napoli is a natural person primarily residing in Manhattan.

4. Upon information and belief, P. Napoli is a natural person primarily residing in Manhattan.

5. All relevant times hereto, Plaintiff has been engaged in domestic services within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(f) and 29 C.F.R. § 552.100 *et. seq.*

6. Defendants are, upon information and belief, the owners of two homes in Suffolk County at which Plaintiff performed work.

7. Defendants hired and fired Plaintiff, sets his rate and method of pay, determined his work schedule, and appear to maintain employment records.

8. Plaintiff has been employed by Defendants to work as a laborer within the last six (6) years.

9. At all relevant times, Defendants have been Plaintiff's employer within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

10. Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 142 *et seq.* based upon the following acts and/or omissions which Defendants committed:

    i. Defendants' failure to pay proper overtime compensation required by federal and state law and regulations to Plaintiff, who worked in excess of forty (40) hours per week; and

    ii. Defendants' failure to provide Plaintiff with a wage notice and proper paystubs as required by NYLL § 195.

11. Plaintiff also brings a claim for retaliation under the FLSA's retaliation provision, 29 U.S.C. §215 and the NYLL's retaliation provision, NYLL §215.

12. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

## FACT ALLEGATIONS

### I. Defendants' Wage and Hour Violations.

13. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

#### A. Plaintiff's Schedule and Pay.

14. Plaintiff worked for Defendants from approximately July 2013 until November 7, 2018.

15. Plaintiff was the caretaker and handyman maintaining Defendants' two homes in Suffolk County.

16. Plaintiff primarily worked at Defendants' property located in Brookville, NY, which is a 15,000-foot square home on an 8-acre lot containing a tennis court, golf course, and swimming pool.

17. Plaintiff also worked at Defendants' home located in Quogue, NY, which is a sprawling approximately 14,000 square foot home residing on a 3.25-acre property

18. On a number of occasions, Plaintiff also worked at Defendants' apartment in Manhattan.

19. In performing this work at the Brookville home for most of the year, Plaintiff worked five to seven days a week beginning at approximately 8:30 or 9:00 a.m. until as late as 7:30 p.m.

20. From May until August each year Plaintiff regularly worked at Defendants' Quogue residence seven days a week at the same schedule for approximately seventy hours.

21. However, despite Plaintiff's working extensive hours each week, Defendants did not pay Plaintiff proper overtime wages for each overtime hour he worked.

22. Instead, Defendants only paid Plaintiff at his regular hourly rate of pay, which ranged from $25 to $45 depending on the location of his work and the specific time period he performed the work.

23. For example, during the week ending May 17, 2018, Plaintiff worked 69 hours, but Defendants only paid Plaintiff $45 for each of his hours for a total of $3,105.

24. Although Plaintiff regularly worked more than 40 hours each week, Defendants never paid him at an overtime premium of 150% of his regular rate.

**B. Notice and Recordkeeping Violations.**

25. Defendants' failed to provide Plaintiff with a wage notice or proper paystubs in compliance with NYLL § 195.

26. Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

27. Defendants also did not provide Plaintiff with a paystub specifying the pay period, his hourly rate of pay, his overtime rate of pay, the regular and overtime hours he worked, or all the other information required under NYLL § 195.

28. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

**II.   Defendants' Retaliation Against Plaintiff Because of His Complaints About Wages**

29. On January 17, 2019, Plaintiff sent Defendant M. Napoli a letter via Federal Express to Defendants' Brookville home outlining the various wage violations that Defendants committed.

30. Defendants received the letter on January 18, 2019.

31. Fewer than two weeks later, on January 31, 2019, Defendant P. Napoli sent Plaintiff a text message stating, "[U.S. Immigration and Customs Enforcement] came to my house looking for you. I gave them your cell number and home address for you. Best, Paul" in retaliation for complaining about unpaid wages.

32. The U.S. Immigration and Customs Enforcement ("ICE") is responsible, in part, for the arrest and removal of certain immigrants within the United States.

33. As a result, many immigrants are fearful of any contact with ICE.

34. ICE did not contact Plaintiff on or after January 31, 2019 despite Defendant P. Napoli's claim that he had given to ICE Plaintiff's contact information.

35. Upon information and belief, ICE did not contact Defendant P. Napoli. Rather, Defendant P. Napoli falsely told Plaintiff that ICE had contacted him and that he had given to ICE Plaintiff's contact information in order to deter Plaintiff from bringing this lawsuit.

36. Upon information and belief, Defendant P. Napoli acted in concert with Defendant M. Napoli in threatening Plaintiff.

37. Defendants caused Plaintiff great emotional harm and anguish and made him fear for his ability to remain in this country.

38. Defendants' actions would dissuade a reasonable employee from asserting a claim against his employer.

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Wage Violations)**

39. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

40. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

41. At all relevant times hereto, Defendants operated under a decision, policy and plan, and under policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times his regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

42. Plaintiff seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (NYLL Overtime Wage Violations)

43. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

44. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

45. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times his regular rate of pay, for hours worked in excess of forty (40) per workweek.

46. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (NYLL Failure to Notify)

47. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

48. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff's hiring, Defendants were obligated to provide him with a notice describing, *inter alia*, his hourly regular and overtime rates of pay.

49. Pursuant to §195(3) of the NYLL, Defendants were obligated to provide Plaintiff with a wage statement, along with his pay, that specified his regular and overtime rates of pay, his hours worked, and the pay period.

50. Defendants failed to provide Plaintiff with a notice or paystub in accordance with §195 of the NYLL.

51. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**(New York Labor Law Retaliation)**

52. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

53. New York State Labor Law § 215 prohibits an employer from retaliating against an employee because" such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter."

54. In committing the above-mentioned retaliatory acts, Defendants have retaliated against Plaintiff for making a complaint that Defendants violated the NYLL

55. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided

by NYLL § 215 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
### (FLSA Retaliation against Defendants)

56. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

57. 29 U.S.C. § 215 prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against . . . any employee because such employee has filed any complaint or instituted . . . any proceeding under or related to this chapter."

58. In committing the above-mentioned retaliatory acts, Defendants have discriminated retaliated against Plaintiff for making a complaint that Defendants violated the FLSA.

59. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by FLSA § 216 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' retaliatory conduct;

F. Plaintiff's costs and reasonable attorneys' fees; and

G. Any relief the Court deems just and proper.

Dated: March 25, 2018
      New York, New York

Respectfully submitted,

Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFF*