UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X     For Online Publication Only
WERNER MEJIA LIMA,

                         Plaintiff-
                         Counterclaim
                         Defendant,

                                                                         **ORDER**
         -against-                                    19-CV-1699 (JMA) (ST)

PAUL NAPOLI and MARIE NAPOLI,

                         Defendants-
                         Counterclaimants.
-------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Plaintiff Werner Mejia Lima ("Plaintiff") brought this suit against Paul Napoli and Marie Napoli ("Defendants-Counterclaimants"). Plaintiff alleges, <u>inter alia</u>, overtime and retaliation claims under both the Fair Labor Standard Act ("FLSA") and New York labor Law ("NYLL"). Defendants-Counterclaimants filed counterclaims of breach of contract, breach of the implied covenant of good faith, unjust enrichment/restitution, and conversion.

      Pending before the Court is Defendants-Counterclaimants' Motion for Summary Judgment and Sanctions. The Court referred the motions to Magistrate Judge Tiscione for a Report and Recommendation ("R&R").

      On February 10, 2023, Judge Tiscione issued an R&R which recommends: (1) granting summary judgment on Plaintiff's wage-and-hour claims under the FLSA and the NYLL; (2) granting summary judgment on Plaintiff's retaliation claims under the FLSA and the NYLL; (3) declining to exercise supplemental jurisdiction over Defendants' counterclaims; and (4) denying the motion for sanctions.

      Plaintiff filed timely objections to the R&R and Defendants-Counterclaimants filed their opposition to the objections.

After conducting a review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court adopts the R&R as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 5-CV-5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there are no specific reasoned objections are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of the R&R to which there are no specific objections. The Court next addresses the portions of the R&R to which Plaintiff objected. For the objections, the Court has undertaken a de novo review of the record, the R&R, the objections, and the opposition.

In his objections, Plaintiff argues that Judge Tiscione erred in recommending that this Court: (1) grant summary judgment on the wage-and-hour claims on the ground that Defendants do not qualify as Plaintiff's employer; and (2) grant summary judgment on Plaintiff's FLSA and NYLL claims that Paul Napoli retaliated against him by sending a text about a purported conversation Napoli had with an ICE agent about Plaintiff.

The Court denies those objections for the reasons articulated in Judge Tiscione's R&R and adopts the R&R as the opinion of the Court.

For Plaintiff's FLSA retaliation claim, there is also an alternative ground for granting summary judgment that Judge Tiscione did not reach. Even assuming arguendo that Paul Napoli's

text constitutes an adverse action, the Court's determination that Defendants were not Plaintiff's "employers" for purposes of Plaintiff's overtime claims also precludes Plaintiff from pursuing a retaliation claim against Paul Napoli under the FLSA. The Court agrees with Judge Liman's well-reasoned analysis of this issue in Kim v. Lee, 576 F. Supp. 3d 14, 25–30 (S.D.N.Y. 2021), aff'd, No. 22-61, 2023 WL 2317248 (2d Cir. Mar. 2, 2023); see also Hong v. Quest Int'l Limousine, Inc., No. 21-CV-07908 (SN), 2022 WL 2829907, at *2 (S.D.N.Y. July 20, 2022) (dismissing FLSA retaliation claim because the court had previously determined that plaintiff was an independent contractor, and not an employee, of the defendant).

With respect to Plaintiff's retaliation claim under the NYLL, the R&R states that, for such a retaliation claim, a plaintiff must establish that he "made a complaint to his . . . employer," (R&R at 18 (quoting N.Y. Labor Law § 215(1)(a)(i))), and that he made the complaint "while employed by the defendant," (R&R at 18 (quoting Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253, 302 (S.D.N.Y. 2011).) Plaintiff does not object to the R&R's statement of New York law. Moreover, Plaintiff has never argued that the NYLL should be interpreted to permit retaliation claims by a plaintiff that are based on complaints that the plaintiff made to a party who is not the plaintiff's "employer." In moving for summary judgment, Defendants quoted N.Y. Labor Law § 215(1)(a)(i) in a footnote, emphasizing that, although § 215(1)(a)(i) applies to "any person," it also states the plaintiff must prove that he complained to "his . . . employer."[1] (Def. Mem. at 20 (emphasis added in brief).) Plaintiff responded to this argument with his own two-sentence footnote where he stated that: (1) Defendants conceded that "non-employers" can be sued under the NYLL for retaliation; and (2) Plaintiff could pursue his retaliation claim under the NYLL because Defendants were, in fact, his "employer." (Pl. Mem. at 21 (emphasis added).) As Plaintiff

---

[1] Defendants expanded on this argument further in their reply papers. (Def. Reply Mem. at 6.)

has never asserted that he can pursue a NYLL retaliation claim based on complaints that he made to a party who is not his "employer," his NYLL retaliation claim necessarily fails given the Court's earlier determination on the "employer" issue.

Based on the foregoing, the Court adopts Judge Tiscione's R&R in its entirety as the opinion of this Court.  Accordingly, the Court:  (1) grants Defendants summary judgment on all of Plaintiff's claims under the FLSA and the NYLL; (2) declines to exercise supplemental jurisdiction over Defendants' counterclaims; and (3) denies the motion for sanctions.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

**SO ORDERED.**

Dated: March 31, 2023
       Central Islip, New York

                                                    /s/  (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE